JOURNAL ENTRY and OPIONION
{¶ 1} Appellant John McKenna appeals the trial court's decision granting summary judgment in favor of the City of Cleveland. McKenna assigns the following error for our review:
 {¶ 2} "The trial court erred in granting summary judgment to appellees and in overruling appellant's motion for summary judgment."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 4} John McKenna is a captain in the Cleveland Fire Department. He sued the City of Cleveland and claimed the Civil Service Commission refused to allow him to complete the promotional examination for the position of battalion chief. He alleged the refusal to permit him to complete the examination violated the Cleveland City Charter and the Civil Service Commission Rules, deprived him of his property interest, and was arbitrary, capricious, and an abuse of discretion. Both parties filed for summary judgment.
 {¶ 5} The Civil Service Commission ("Commission") establishes general policies and procedures that are set forth in the Commission Rules. The Commission is responsible for making rules for, among other things, the original appointment or promotion of eligible individuals to fill vacant positions within the Fire Division. The original appointment or promotion of an individual to permanently fill a vacancy in the classified civil service of the Fire Division is done by civil service examination. Commission Secretary Jonalyn Krupka, in turn, is responsible for managing the Commission's day-to-day operations, including the overall administration of all civil service examinations.
 {¶ 6} The Commission hires a consultant to conduct the examination when the group of candidates is large. Commission employees, however, are present at the examination to ensure the Commission Rules are followed. In the instant case, because of the large number of candidates taking the test for battalion chief and other open positions, the City hired Barrett Associates, Inc. to conduct the examination.
 {¶ 7} The Commission issued a public notice regarding the 2002 promotional examination and McKenna filed his application in response. At the time McKenna filed his application, he needed to present either his City fire identification card or a valid driver's license. McKenna produced both types of identification.
 {¶ 8} The promotional examination consisted of three parts: (1) a written multiple choice test, (2) a performance component, which measures supervisory skills and abilities based on paperwork a battalion chief would encounter, and (3) a structured, timed, and recorded oral presentation. On June 29, 2002, McKenna was present for and participated in the written multiple choice test and the performance component. McKenna was required to present his City fire identification card or valid driver's license prior to taking those two parts of the examination. McKenna produced his City fire identification card.
 {¶ 9} The third and final component of the examination, the oral presentation, was set for July 27, 2002. The appointed reporting time for McKenna was 7:45 a.m. The notice for the oral presentation indicated that each individual taking the oral presentation component must attend at the scheduled time, with the required proof of identity.
 {¶ 10} McKenna arrived at approximately 7:20 a.m. However, he failed to bring with him proper photographic identification. He contends the reason he failed to bring the proper identification was because he misplaced his wallet; thus, he attempted to provide an alternative means of identification, which did not contain a photograph. McKenna left the testing facility and returned within one hour with both his driver's license and Cleveland fire identification card. By that time, all of the other applicants for the position had finished their respective oral presentations. Jonalyn Krupka would not permit McKenna to complete the oral presentation.
 {¶ 11} McKenna spoke with a representative of the consulting company and was informed that the consultant could administer the oral component of the examination to him later that day. Krupka, however, would not approve McKenna's taking the oral presentation at a later time. She explained to McKenna that the rules were clear that he had to arrive at the appointed time with the proper identification. In fact, Cleveland firefighter Richard Patton was also not permitted to take the oral presentation because he failed to appear at his 8:30 a.m. reporting time.
 {¶ 12} By failing to complete the examination, McKenna was omitted from the 2002 list of eligible captains seeking promotion to battalion chief.[1] McKenna attempted to appeal the decision denying him the opportunity to take the oral presentation component. However, the Commission Rules allow individuals who take civil service examinations the right to appeal to the Commission only on such matters as the correctness of an answer on the examination. Because the Commission Rules did not allow McKenna to appeal internal decisions prohibiting him from taking the examination, the Commission refused to hear his appeal.
 {¶ 13} Upon considering this evidence, the trial court granted summary judgment in favor of the City, stating:
"The defendant's motion for summary judgment filed 4/5/2004, isgranted. Accordingly, the court makes the following findings anddeclarations. The defendant's actions in precluding John McKenna fromtaking the oral presentation component of the promotional examinationwere valid. The Civil Service Commission's rules specifically providethat all applicants of the oral examination component of the promotionalexamination must bring a valid photo ID to the testing facility as wellas report promptly at the time indicated. John McKenna arrived promptlybut failed to bring the required identification to the testing facility.Mr. McKenna attempted to correct this error but was unable to do so priorto the expiration of his appointed testing time of 7:45 a.m. CivilService Commission Secretary Krupka refused to allow Mr. McKenna to takethe oral examination portion of the promotional examination. This actionwas consistent with the Civil Service Commission Rules. Final."[2]
 {¶ 14} In his sole assigned error, McKenna argues the City's decision not to allow him to complete the oral portion of the 2002 promotional examination for battalion chief was arbitrary, capricious, and an abuse of discretion; thus, he contends the trial court erred by granting the City's motion for summary judgment.
 {¶ 15} We review an appeal from summary judgment under a de novo standard of review.[3] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[4] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the nonmoving party.[5]
 {¶ 16} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[6] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[7]
 {¶ 17} The basis for McKenna's argument that the decision was arbitrary, capricious, and an abuse of discretion was that Krupka permitted late arrivals to take the written portion of the examination, but did not allow late arrivals to take the oral examination. We disagree.
 {¶ 18} Civil Commission Rule 4.30 provides as follows:
"All applicants shall submit proof of identity by signature or othermeans as determined by the Commission prior to being admitted to anyexamination.
 "Where the means of identification requires the production of anydocument, notice of that requirement shall be given in the examinationannouncement and posted at the place(s) where applicants for thatexamination are received. Refusal to submit the required proof ofidentity shall be cause for exclusion from the examination. Wheneverdefinite time limits have been set for the completion of an examinationor parts thereof, announcements of the prescribed time limits shall bemade at the beginning of the examination or parts thereof.
 "No applicant shall be admitted to a written examination after theannounced commencement of the examination. Applicants who are scheduledto take a performance examination or oral examination must be present atthe appointed time in order to participate in the examination.
 "* * * Any applicant failing to appear for any part of the examinationshall be excluded from further consideration in the establishment of theeligible list. * * *."
 {¶ 19} A review of the above rule indicates that the discretion given to Krupka to allow late applicants to take the written examination differs from that for the oral examination. For the written examination, it states, "No applicant shall be admitted to a written examination after the announced commencement of the examination." For the written examination, therefore, Krupka had the discretion to delay its "commencement" until the applicants had an opportunity to arrive.
 {¶ 20} In contrast, for the oral examination, the rule states, "Applicants who are scheduled to take an * * * oral examination must be present at the appointed time in order to participate in the examination."(emphasis added). Because McKenna was not at the testing facility at the appointed time, Krupka's refusal to allow McKenna to take the examination was in conformity with the rule, as she did not have discretion to allow late arrivals to take the oral examination.
 {¶ 21} Thus, on June 28, 2002, when Krupka delayed the 8:30 a.m. reporting time to approximately 8:50 a.m., her actions were within the scope of the requirements of Commission Rule 4.30. Her actions would not have been within the scope of the rule had she allowed McKenna to take the oral examination fifty-five minutes late. In other words, Krupka had no authority to allow McKenna to take the oral examination late. In fact, Krupka also refused to allow Lt. Patton to take the oral examination because he arrived after his appointed time.
 {¶ 22} Moreover, the notice McKenna received in the mail notified him of the date, time, and location of the oral examination, and also stated in bold capital letters, "NOTE: YOU MUST BRING A VALID PHOTO I.D. WITHYOU TO THE TESTING SITE." Therefore, he was clearly notified to have photo identification with him. His failure to do so was because of his own negligence. In comparison, the applicants who were late for the written test were delayed due to an unforseen traffic accident. Krupka delayed the commencement of the written examination because a large number of applicants were affected by the accident.
 {¶ 23} We also conclude that McKenna's contention that Krupka failed to exercise her discretion to make an exception lacks merit. As stated, Krupka's discretion was limited regarding the oral examination. When McKenna failed to appear at the appointed time with the proper identification, Krupka had no choice but to deny him the opportunity to take the oral examination. Accordingly, McKenna's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COONEY, J., and SWEENEY, J., CONCUR.
[1] To date, the Commission has not certified a list of eligible candidates for promotion because the City is under a federal court order pursuant to the case of Anthony Luke, et al. v. City of Cleveland, etal., United States District Court, Northern District of Ohio, Eastern Division Case No. 1:02CV01225, not to certify any eligible list for the position of battalion chief from the 2002 promotional examination and not to make any appointment nor fill any vacancy unless ordered by the federal court.
[2] Trial Court Opinion, May 6, 2004.
[3] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[4] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[5] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
[6] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[7] Id. at 293.